**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| ANTHONY ROSEMOND,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*,<br><br>Defendants. | : | Case No. 1:26-cv-491<br><br>Judge Matthew R. Byrne<br>Magistrate Judge Stephanie K. Bowman |

## REPORT AND RECOMMENDATIONS

Plaintiff Anthony Rosemond has pending before the Court a pro se prisoner civil rights Complaint, framed and pled as a Petition for Writ of Mandamus. (Doc. 1). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 8). This case has been referred for certain matters to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order 22-05.

This matter is currently before the Court for initial screening of Plaintiff's Complaint (Doc. 1, PageID 1-7 (Petition for Writ of Mandamus)) after Plaintiff's time to respond to the Undersigned's October 8, 2026, Show Cause Order has expired (Doc. 9).

As noted in the Show Cause Order, Plaintiff filed a "Request for Extension of Time & Response to Deficiency Order" (Doc. 5). As part of that filing, Plaintiff cured a deficiency with his application to proceed *in forma pauperis* by submitting a certified prisoner trust fund account statement (*id.* at PageID 40-47), and he informed the Court that he intended to raise civil rights claims, rather than seeking a petition for a writ of mandamus (*id.* at PageID 33-35). Plaintiff requested an additional 30 days to correct his pleadings because he was transferred to another

institution and needed time to clarify his claims. (*Id.* at PageID 35). The Court granted his request through Notation Order on August 4, 2026, providing Plaintiff with thirty days to amend his pleadings as needed.

Once that deadline passed and without an update from Plaintiff, on October 8, 2026, the Court ordered him to show cause within thirty days why his current pleadings should not be screened as a "Petition for Writ of Mandamus," as framed by Plaintiff. (Doc. 9). The Court also ordered Plaintiff to file an amended complaint laying out his civil rights allegations if he wished to proceed with claims raised under 42 U.S.C. § 1983. (*Id.* at PageID 79). The Court further advised Plaintiff that failure to respond to the Show Cause Order would result in screening Plaintiff's pleadings as is. (*Id.*).

On November 3, 2026, the copy of the Show Cause Order sent to Plaintiff at Southern Ohio Correctional Facility ("SOCF") was returned to the Court as undeliverable. (Doc. 10). A handwritten note on the envelope reflects: "Refused to accept delivery." (*Id.* at PageID 81). Over thirty days have passed since the Court issued the Show Cause Order and Plaintiff has not otherwise responded.

Accordingly, the Undersigned screens Plaintiff's Complaint as pled. *See* 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2) (requiring an initial screen of a complaint when a prisoner is seeking "redress from a governmental entity or officer or employee of a governmental entity" and is proceeding *in forma pauperis*). But because the Undersigned determines that the Court is without jurisdiction over Plaintiff's request for a writ of mandamus, this matter should be **DISMISSED**. *See Carlock v. Williams*, 182 F.3d 916 (table), 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (citing 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (finding that where

there is no basis for federal jurisdiction apparent on the face of a complaint, a district court may dismiss the action "as frivolous and for lack of subject matter jurisdiction").

Plaintiff, a prisoner previously housed at Warren Correctional Institution ("WCI"),[1] has filed this civil action seeking a writ of mandamus against Defendants Ohio Department of Rehabilitation and Corrections ("ODRC"), WCI, Investigator K. Chamblin, A.A. Warden Norman Evans, Warden Chae Harris, and R.I.B. Chairman L.T. Hill. (Doc. 1, PageID 1-7). Plaintiff alleges that Defendants failed to provide him with documents he requested under Ohio Revised Code ("O.R.C.") 149.43(b)(1) and claims that he is "entitled to a writ of mandamus pursuant to O.R.C. 2731.01." (*Id.*). Plaintiff seeks for this Court to issue a writ of mandamus to compel WCI to "produce public records and evidence requested May 2, 2026," including "phone records, via-path call logs, and Global tel link recorded phone calls." (*Id.* at PageID 1). Plaintiff also notes that he seeks "all evidence R.I.B. has to support rule infraction in conduct report." (*Id.*). Plaintiff alleges that "there is no alternative adequate remedy available" because he cannot "address this issue through appeal, post conviction petition, or any other non extraordinary remedy." (*Id.* at PageID 6). He also notes that O.R.C. 149.43(b)(1) does not provide for an appeal process. (*Id.*).

This federal district court lacks jurisdiction over this matter, however, because Plaintiff seeks a writ of mandamus against state actors, not federal officials or agencies. The "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or *any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Because Plaintiff "seeks an order compelling a state official to act, this Court has no authority under the mandamus provision to grant him the relief he requests."

[1] While Plaintiff is now housed at SOCF (*see* Doc. 5, PageID 32), his Petition for a Writ of Mandamus centers around document requests made while housed at WCI (*see generally* Doc. 1).

*Ruiz v. Okla. Cnty. Sheriff's Office*, No. CIV-07-43-C, 2007 WL 950367, at *2 (W.D. Okla. Mar. 27, 2007) (collecting cases) (explaining that under 28 U.S.C. § 1361, a "federal district court's mandamus power extends only to federal officials or agencies). *See El Bey v. Branstool*, No. 2:23-cv-1258, 2024 WL 2952374, at *3 (S.D. Ohio June 12, 2024) (finding that a federal district court has no authority to issue a writ of mandamus against a state judge); *Myers v. Steube*, No. 8:09-cv-380, 2009 WL 591491, at *3 (M.D. Fla. Mar. 6, 2009) (citations omitted) (finding that a federal district court had no jurisdiction to issue a writ of mandamus against a county sheriff); *Hoodenpyle v. El Paso Dist. Ct.*, No. 08-cv-1710, 2008 WL 4327257, at *1 (D. Colo. Sept. 18, 2008) (dismissing a mandamus action against a county sheriff because the sheriff and other defendants were not officers or employees of the United States). Plaintiff seeks a writ of mandamus against Ohio state actors and agencies, relying on Ohio state laws, which falls short in showing that Plaintiff is entitled to the requested relief in this federal district court.

Because this Court lacks jurisdiction to grant Plaintiff the relief he seeks, the Undersigned **RECOMMENDS** that Plaintiff's Complaint/Petition for a Writ of Mandamus (Doc. 1) be **DISMISSED without prejudice**. *See Kelly v. Phifer*, No. 1:22-cv-399, 2022 WL 17037566, at *3 (S.D. Ohio Nov. 17, 2022) (citations omitted) ("Where a court lacks subject-matter jurisdiction . . . dismissal without prejudice is appropriate.").

The Undersigned further **RECOMMENDS** certifying that any appeal of this Order would not be taken in good faith, and that Plaintiff should be denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendations to Plaintiff at the address listed on the Court's docket and at SOCF.

As noted previously, Plaintiff is **ADVISED** that he must keep this Court informed of his current address and must promptly file a Notice of New Address reflecting his address at SOCF, and Plaintiff must update his address if he is released or transferred to another institution.

Plaintiff may file objections to the Report and Recommendations in accordance with the attached Notice Regarding Objections.

**IT IS SO RECOMMENDED.**

**Date: November 18, 2026**

***s/Stephanie K. Bowman***
**Stephanie K. Bowman**
**Chief United States Magistrate Judge**

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).